**Steven C. Berman**, OSB No. 951769
Email: sberman@stollberne.com
**Lydia Anderson-Dana**, OSB No. 166167
Email: landersondana@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840

Attorneys for Our Oregon and Becca Uherbelau

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| PEOPLE NOT POLITICIANS OREGON, COMMON CAUSE, LEAGUE OF WOMEN VOTERS OF OREGON, NAACP OF EUGENE/SPRINGFIELD, INDEPENDENT PARTY OF OREGON, and C. NORMAN TURRILL,<br><br>Plaintiffs,<br><br>v.<br><br>BEVERLY CLARNO, OREGON SECRETARY OF STATE,<br><br>Defendant. | Case No. 6:20-cv-01053-MC<br><br><br>BECCA UHERBELAU AND OUR OREGON'S MOTION FOR LEAVE TO INTERVENE OR IN THE ALTERNATIVE APPEAR AS *AMICI CURIAE*<br><br><br>**ORAL ARGUMENT REQUESTED** |

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, counsel for proposed intervenors Becca Uherbelau and Our Oregon certifies that they have conferred in good faith with counsel for Plaintiffs and Defendant in an attempt to resolve the issues presented by this Motion to Intervene. Plaintiffs and Defendant take no position on Ms. Uherbelau and Our Oregon's requested relief.

Page 1 -   BECCA UHERBELAU AND OUR OREGON'S MOTION FOR LEAVE TO INTERVENE OR IN THE ALTERNATIVE APPEAR AS *AMICI CURIAE*

## MOTION

Pursuant to Fed. R. Civ. P. 24, Becca Uherbelau and Our Oregon respectfully move for leave to intervene in the above-titled action as of right under Fed. R. Civ. P. 24(a)(2) or with permission of the Court under Fed. R. Civ. P. 24(b)(1)(B). Alternatively, Ms. Uherbelau and Our Oregon move to appear as *amici curiae*. For the reasons stated more fully in the supporting Memorandum of Law that follows, Ms. Uherbelau and Our Oregon's Motion should be granted.

## MEMORANDUM OF LAW

### I.    INTRODUCTION

Plaintiffs filed this action against Secretary of State Beverly Clarno on June 30, 2020. Plaintiffs allege that the Oregon Constitution's initiative petition signature qualification threshold and signature filing deadline violate their federal constitutional rights.

Proposed intervenor Becca Uherbelau is the Executive Director of Our Oregon and an Oregon elector opposed to IP 57. As mentioned in the Complaint, Ms. Uherbelau is also a plaintiff in a separate state court action, *Uherbelau v. Clarno*, No. 20CV13939 (Or. Cir. Ct. Mar. 27, 2020), in which she alleges that IP 57 does not comply with the constitutional requirements of the Oregon Constitution. Proposed intervenor Our Oregon is a 501(c)(4) organization dedicated to advancing economic and social justice for all Oregonians, with a focus on ballot measures. Our Oregon is opposed to IP 57 and would be involved in organizing a campaign against IP 57 if it were to qualify for the November 3, 2020 ballot. In addition to their interests related to and affected by this action, both Ms. Uherbelau and Our Oregon have extensive experience and expertise related to ballot initiatives, signature gathering, and running opposition campaigns to initiative petitions.

Page 2 -   BECCA UHERBELAU AND OUR OREGON'S MOTION FOR LEAVE TO
INTERVENE OR IN THE ALTERNATIVE APPEAR AS *AMICI CURIAE*

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

This case was filed just over a week ago, and granting Ms. Uherbelau and Our Oregon leave to intervene would not prejudice any of the parties.  However, denying this Motion would prejudice Ms. Uherbelau and Our Oregon, by denying them the opportunity to fully defend their interests in preventing IP 57 from appearing on the November 3, 2020 ballot.  Accordingly, Ms. Uherbelau and Our Oregon request leave to intervene as of right in this action under Fed. R. Civ. P. 24(a)(2) or seek the Court's permission to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B). Alternatively, Ms. Uherbelau and Our Oregon seek leave to appear as *amici curiae*.  A copy of Ms. Uherbelau and Our Oregon's proposed Opposition to Plaintiffs' Motion for Temporary Restraining Order or Preliminary Injunction is attached as Exhibit A.  Also attached are Declarations from Ms. Uherbelau ("Uherbelau Decl.") (Exhibit B), Ben Unger, former Executive Director of Our Oregon and current general consultant for the successful campaign to qualify Initiative Petition 34 for the 2020 General Election cycle ("Unger Decl.") (Exhibit C), and Elizabeth Kaufman, the campaign director for the successful campaign to qualify Initiative Petition 44 for the 2020 General Election cycle ("Kaufman Decl.") (Exhibit D).

## II.      FACTUAL BACKGROUND

### A.      Proposed Intervenors

Ms. Uherbelau is an Oregon elector and executive director of Our Oregon.  Uherbelau Decl., ¶ 1.  As mentioned in the Complaint, Ms. Uherbelau is a plaintiff in a separate action in Marion County Circuit Court against Secretary of State Clarno, in which she alleges that IP 57 does not comply with the constitutional requirements of the Oregon Constitution.  Complaint, ¶ 21; *see Uherbelau v. Clarno*, No. 20CV13939 (Or. Cir. Ct. Mar 27, 2020).

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Our Oregon is a public benefit nonprofit corporation organized under Internal Revenue

Code section 501(c)(4) and registered with the Oregon Secretary of State.   Uherbelau Decl., ¶ 2.

Our Oregon is dedicated to fighting for economic and social justice for all Oregonians, and its

primary mission is to educate the public about public services, to advocate for stable, adequate

and fair funding for public services, and to fight for justice for all Oregonians.  Uherbelau Decl.,

¶ 2.  The rights of Oregonians, and funding for public services, are perennial topics of statewide

ballot measures.  Uherbelau Decl., ¶ 2.  As a result, Our Oregon has a strong interest in the

initiative and ballot measure processes.  Uherbelau Decl., ¶ 2.  Our Oregon, through its executive

director and staff, provides input as to whether an initiative petition complies with the procedural

requirements of the Oregon Constitution, frequently commenting on draft ballot titles for

statewide initiative petitions and subsequently challenging certified ballot titles for initiative

petitions before the Oregon Supreme Court.  Uherbelau Decl., ¶ 2.

     **B.**     **Timeline of Relevant Events**

On November 12, 2019, the chief petitioners filed a prospective petition for IP 57 with

the Secretary of State.  Complaint, ¶ 17.  On December 20, 2019, the Secretary of State

confirmed that IP 57 had sufficient sponsorship signatures to proceed through the ballot title

certification process.  Complaint, ¶ 18.  On December 30, 2019, the Secretary of State received a

draft ballot title for IP 57 from the Attorney General and provided public notice of that draft

ballot title.  *See* IP 57 Draft Ballot Title, http://oregonvotes.org/irr/2020/057dbt.pdf.  Pursuant to

the public notice, Ms. Uherbelau filed timely comments regarding the draft ballot title and setting

forth why IP 57 does not comply with the procedural requirements of the Oregon Constitution.

Uherbelau Decl., ¶ 4.  On or about January 30, 2020, the Secretary of State determined that IP 57

complies with the procedural requirements of the Oregon Constitution, provided public notice of

Page 4 **-**   BECCA UHERBELAU AND OUR OREGON'S MOTION FOR LEAVE TO
             INTERVENE OR IN THE ALTERNATIVE APPEAR AS *AMICI CURIAE*

her determination, and issued a certified ballot title for IP 57. *See* IP 57 Constitutional

Requirement Ruling, http://oregonvotes.org/irr/2020/057cbt.pdf. Ms. Uherbelau filed a timely

challenge to the ballot title. Uherbelau Decl., ¶ 4. On March 26, 2020, the Oregon Supreme

Court approved the Attorney General's certified ballot title for IP 57. Complaint, ¶ 19.

      On March 27, 2020, Ms. Uherbelau filed a separate action in Marion County Circuit

Court against Secretary of State Clarno, in which she alleges that IP 57 does not comply with the

constitutional requirements of the Oregon Constitution. Complaint, ¶ 21; Uherbelau Decl., ¶ 4;

*see Uherbelau v. Clarno*, No. 20CV13939 (Or. Cir. Ct. Mar 27, 2020). In that separate action,

Ms. Uherbelau requests, in part, that the court prevent IP 57 from being circulated for signature,

prevent the Secretary of State from counting and verifying signatures, and prohibit the Secretary

of State from allowing IP 57 to appear on the November 3, 2020 ballot. *See Uherbelau v.

Clarno*, No. 20CV13939 (Or. Cir. Ct. Mar 27, 2020).

## III.    ARGUMENT

### A.    Ms. Uherbelau and Our Oregon Are Entitled to Intervene as a Matter of Right Pursuant to Fed. R. Civ. P. 24(A)(2).

      Under Fed. R. Civ. P. 24(a)(2), courts must permit intervention under the following

circumstances:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (citing Fed. R. Civ. P. 24(a)(2)). In the

Ninth Circuit, these "requirements are broadly interpreted in favor of intervention." *Citizens for

Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). "In addition to

Page 5 -    BECCA UHERBELAU AND OUR OREGON'S MOTION FOR LEAVE TO INTERVENE OR IN THE ALTERNATIVE APPEAR AS *AMICI CURIAE*

mandating broad construction, [the court's] review is guided primarily by practical considerations, not technical distinctions." *Id.* (quoting *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001)).

For the following reasons, Ms. Uherbelau and Our Oregon meet each of these four requirements, and the Court should grant their motion to intervene as of right.

### 1.    The Motion to Intervene is Timely.

"The timeliness of intervention is measured by (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay." *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 965 (9th Cir. 2007) (internal quotation marks and citation omitted).

Here, Ms. Uherbelau and Our Oregon's motion to intervene is timely.  Plaintiffs filed this action on June 30, 2020, only nine days ago.  *People Not Politicians Oregon, et al. v. Clarno*, Case No. 6:20-cv-01053-MC (D. Or. June 30, 2020), ECF No. 1; *see Citizens*, 647 F.3d at 897 (finding motion to intervene timely when filed three months after complaint was filed); *United States v. Brooks*, 164 F.R.D. 501, 503 (D. Or.), *adhered to*, 163 F.R.D. 601 (D. Or. 1995) (finding motion to intervene timely when filed seven months after action commenced, where no depositions had been taken and no trial date set).  Additionally, Ms. Uherbelau and Our Oregon do not seek to extend or delay any deadlines in this case related to Plaintiffs' Motion for a Temporary Restraining Order, including the upcoming hearing currently scheduled for Friday, July 10, and have sought to intervene prior to a court-ordered deadline for Defendant to respond to Plaintiffs' Motion for a Temporary Restraining Order.  *See People Not Politicians Oregon*, Case No. 6:20-cv-01053-MC (D. Or. July 7, 2020), ECF No. 13.

Page 6 -    BECCA UHERBELAU AND OUR OREGON'S MOTION FOR LEAVE TO INTERVENE OR IN THE ALTERNATIVE APPEAR AS *AMICI CURIAE*

Due to the early stages of the proceeding, Plaintiffs and Defendant have not and could not be prejudiced by Ms. Uherbelau and Our Oregon's intervention, and there has been no delay in Ms. Uherbelau and Our Oregon's motion to intervene. For these reasons, the Court should find Ms. Uherbelau and Our Oregon's motion to intervene timely.

### 2. Ms. Uherbelau and Our Oregon Have Significantly Protectable Interests at Issue in this Lawsuit.

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Cal. ex rel. Lockyer v. United States,* 450 F.3d 436, 441 (9th Cir. 2006) (quoting *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998)). "The 'interest' test is not a clear-cut or bright-line rule . . . . Instead, the 'interest' test directs courts to make a 'practical, threshold inquiry.'" *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (quoting *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)). For example, "advocacy relating to a particular issue may give rise to an interest." *Or. Nat. Desert Ass'n v. Bureau of Land Mgmt.*, No. 3:09-CV-00369-PK, 2009 WL 10703721, at *3 (D. Or. Sept. 16, 2009) (citing *City of Los Angeles*, 288 F.3d at 402 & n.5). "The relationship requirement is met 'if the resolution of the plaintiff's claim actually will affect the applicant.'" *City of Los Angeles*, 288 F.3d at 398 (quoting *Donnelly*, 159 F.3d at 410).

Here, each proposed intervenor has several significant protectable interests at issue in this lawsuit. As an Oregon elector, Ms. Uherbelau has a strong interest in the integrity of the initiative process, including the processes to obtain signatures on initiative petitions. *See* Uherbelau Decl., ¶ 1. She has an interest in ensuring that all initiative petitions are on a level and equal playing field, and the relief Plaintiffs seek would alter the rules set forth in the Oregon

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Constitution for signature gathering, allowing IP 57 to qualify for the November 3, 2020 ballot using different rules than initiative petitions filed earlier this election cycle. *See* Uherbelau Decl., ¶¶ 12, 14; Unger Decl., ¶ 16; Kaufman Decl., ¶ 18. Ms. Uherbelau also has an interest as an active participant in the ballot title process, as she filed comments in opposition to IP 57's draft ballot title and subsequently challenged that ballot title before the Oregon Supreme Court. *See* Uherbelau Decl., ¶ 4; *see also Or. Nat. Desert Ass'n*, 2009 WL 10703721, at *3 ("[A]dvocacy relating to a particular issue may give rise to an interest."). Finally, Ms. Uherbelau has a significant interest as a plaintiff in *Uherbelau v. Clarno*, No. 20CV13939 (Or. Cir. Ct. Mar 27, 2020). In filing the separate state court action, Ms. Uherbelau relied on the Oregon Constitution's requirements and deadlines for signature gathering; altering the application of those requirements as they apply to Plaintiffs will adversely affect her rights in that case. And a decision from this Court in favor of allowing Plaintiffs more time to collect fewer signatures would adversely affect Ms. Uherbelau's requested relief in the state court action, as she asked the court to prevent IP 57 from being circulated for signature, to prevent the Secretary of State from counting and verifying signatures, and to prohibit the Secretary of State from allowing IP 57 to appear on the November 3, 2020 ballot. *See Uherbelau v. Clarno*, No. 20CV13939 (Or. Cir. Ct. Mar 27, 2020).

Our Oregon also has significant protectable interests in this action. Our Oregon is an organization devoted to fighting for economic and social justice for all Oregonians; its interests in ensuring the integrity of the initiative system and promoting equitable access to the ballot would be harmed by a decision in favor of Plaintiffs. Uherbelau Decl., ¶ 2. Our Oregon is also a frequent participant in the initiative petition process, including via commenting through its executive director on draft ballot titles, as occurred here, and through challenging initiative

Page 8 -    BECCA UHERBELAU AND OUR OREGON'S MOTION FOR LEAVE TO
INTERVENE OR IN THE ALTERNATIVE APPEAR AS *AMICI CURIAE*

petitions in court through its executive director, as also occurred here.  Uherbelau Decl., ¶ 4; *see City of Los Angeles*, 288 F.3d 402 n.5 (concluding that "organizational community members" may have a protectable interest in a proposed police consent decree, even where organizations had only "worked for reform of the LAPD generally rather than for this specific consent decree").  That role would be affected by a court decision in favor of Plaintiffs here, because such a decision would result in the uneven application of the Oregon Constitution's provisions on signature gathering and greatly increase uncertainty moving forward as to how and when such provisions will be applicable.  Uherbelau Decl., ¶ 14; Unger Decl., ¶ 16; Kaufman Decl., ¶ 18.  Such uncertainty, in turn, affects the rights of organizations that participate in opposition campaigns to initiatives.  Uherbelau Decl., ¶ 13.

For these reasons, the Court should find that Ms. Uherbelau and Our Oregon have significant protectable interests at stake in this case.

### 3.    Ms. Uherbelau and Our Oregon's Ability to Protect Their Interests Will Be Impaired if They Cannot Intervene.

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene."  *Citizens*, 647 F.3d at 898 (quoting Fed. R. Civ. P. 24 advisory committee's note). "[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation."  *Lockyer,* 450 F.3d at 441.

As discussed above, Ms. Uherbelau's interests as an Oregon elector, a participant in the initiative process, and a plaintiff in a related state court case would be substantially and practically affected by any court decision in this case in favor of Plaintiffs, as such a decision would affect the fair and equal application of the Oregon Constitution's signature-gathering

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

requirements to all Oregon citizens, affect the requirements and timeline of the initiative process moving forward, and would affect the relief requested by Ms. Uherbelau as a plaintiff in *Uherbelau v. Clarno*, No. 20CV13939 (Or. Cir. Ct. Mar. 27, 2020).  Uherbelau Decl., ¶¶ 2, 4, 13–14.  Our Oregon's similar interests in ensuring the integrity of the initiative system and promoting equitable access to the ballot would be substantially and practically affected by a determination in this case.  Uherbelau Decl., ¶ 2.  As discussed above, a decision in favor of Plaintiffs would result in the uneven application of the Oregon Constitution's provisions on signature gathering on different initiative campaigns and greatly increase uncertainty moving forward as to how and when opponents of such initiatives can and should organize campaigns in opposition.  Uherbelau Decl., ¶¶ 13–14; Unger Decl., ¶ 16; Kaufman Decl., ¶ 18.

For these reasons, the Court should find that Ms. Uherbelau and Our Oregon's interests would be substantially and practically impaired if they cannot intervene.

### 4.    Defendant Cannot Adequately Represent Ms. Uherbelau and Our Oregon's Interests.

To determine adequacy of representation, courts look to "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect."  *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003).  Included in this analysis is whether a proposed intervenor has "expertise apart from that of the" parties, and whether "the intervenor offers a perspective which differs materially from that of the present parties to [the] litigation."  *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).  "[T]he requirement of inadequacy of representation is satisfied if the

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

applicant shows that representation of its interests 'may be' inadequate." *Id.* "[T]he burden of making this showing is minimal." *Id.*

Here, although Ms. Uherbelau and Our Oregon are aligned with the Secretary of State in terms of urging the Court to uphold the signature threshold requirements and deadlines in the Oregon Constitution, Art. IV, §§ 1(2)(c), 1(2)(e), and 1(4)(a), Ms. Uherbelau and Our Oregon will make certain arguments the Secretary of State cannot and will not make. Ms. Uherbelau and Our Oregon will present evidence, based on their experience and expertise with Oregon's initiative process, that Plaintiffs did not and cannot present a compelling argument for altering the Oregon Constitution's signature-gathering requirements and deadlines, because the IP 57 initiative qualification campaign was not run in an efficient and timely manner. *See* Uherbelau Decl., ¶¶ 6–12; Unger Decl., ¶¶ 8–15; Kaufman Decl., ¶¶ 5–17. Ms. Uherbelau and Our Oregon will also argue that Plaintiffs' requested relief would dramatically alter the initiative process landscape moving forward and open a can of worms to other initiative proponents seeking to lower the bar to entry onto the ballot, thus greatly affecting the ability of opponents of initiative petitions to effectively run campaigns. *See* Uherbelau Decl., ¶¶ 13–14. Ms. Uherbelau and Our Oregon are uniquely positioned to offer such arguments based on their expertise and roles in Oregon's initiative process, both of which differ from the Secretary of State's expertise and role. *See Sagebrush Rebellion*, 713 F.2d at 528 (concluding that a proposed intervenor with "expertise apart from that of the" parties, and "a perspective which differs materially from that of the present parties to this litigation" may not be adequately represented without intervention).

For these reasons, Ms. Uherbelau and Our Oregon urge the Court to grant their Motion for intervention as of right under Fed. R. Civ. P. 24(a)(2).

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**B.    The Court Should Grant Ms. Uherbelau and Our Oregon's Request for Permissive Intervention Under Fed. R. Civ. P. 24(B)(1).**

"[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996*), as amended on denial of reh'g* (May 30, 1996). Here, each of these requirements is met.

The first requirement is met because this case arises under federal question jurisdiction and Ms. Uherbelau and Our Oregon do not seek to assert any new claims. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) ("Where the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away."). Second, as discussed above, Ms. Uherbelau and Our Oregon's motion is timely because it was filed only nine days after this action commenced, and before any substantive proceedings have occurred. Finally, there are common questions of law and fact because Ms. Uherbelau and Our Oregon seek to defend the signature-gathering threshold and filing deadline in the Oregon Constitution. Because each of these requirements is met, the Court should, alternatively, grant Ms. Uherbelau and Our Oregon permission to intervene under Fed. R. Civ. P. 24(b)(1).

**C.    In the Alternative, the Court Should Grant Ms. Uherbelau and Our Oregon Leave to Appear as *Amici Curiae*.**

This Court "has broad discretion to appoint amici curiae." *Greater Hells Canyon Council v. Stein*, No. 2:17-CV-00843-SU, 2018 WL 438924, at *1 (D. Or. Jan. 16, 2018) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). "The classic role of amicus curiae is assisting in a case of general

Page 12 - BECCA UHERBELAU AND OUR OREGON'S MOTION FOR LEAVE TO INTERVENE OR IN THE ALTERNATIVE APPEAR AS *AMICI CURIAE*

public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) (internal quotation marks and citation omitted). "[T]here is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986). "The amicus curiae may, with permission of the court, file briefs, argue the case, and introduce evidence." 4 Am. Jur. 2d Amicus Curiae § 8; *see* 3B C.J.S. Amicus Curiae § 18 ("Amicus curiae also may be permitted to argue the case, introduce evidence, and conduct discovery."); *United States v. State of La.,* 751 F. Supp. 608, 620 (E.D. La. 1990) ("Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence."); *see also Int'l Franchise Ass'n, Inc. v. City of Seattle*, 97 F. Supp. 3d 1256, 1276 (W.D. Wash.), *aff'd but criticized*, 803 F.3d 389 (9th Cir. 2015) (noting that *amici* submitted briefing and evidence); *Chinatown Neighborhood Ass'n v. Brown*, No. C 12-3759 PJH, 2013 WL 60919, at *7 (N.D. Cal. Jan. 2, 2013), *aff'd,* 539 F. App'x 761 (9th Cir. 2013) (same).

As discussed above, Ms. Uherbelau and Our Oregon will offer the Court their experience and expertise working with Oregon's initiative process in supporting and opposing initiatives, as well as their familiarity with the initiative petition qualification process, including the signature-gathering process and related deadlines. Uherbelau Decl., ¶¶ 1–5. The Court has previously allowed an organization aligned with Our Oregon (and represented by the same counsel that represents Ms. Uherbelau and Our Oregon here) to appear as *amicus*, file a brief, and introduce evidence in similar circumstances. *See Geiger v. Kitzhaber*, Case No. 6:13-cv-01834-MC (D.

Page 13 - BECCA UHERBELAU AND OUR OREGON'S MOTION FOR LEAVE TO INTERVENE OR IN THE ALTERNATIVE APPEAR AS *AMICI CURIAE*

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Or. Apr. 4, 2014), ECF No. 76 (granting Oregon United for Marriage and Oregon Says I Do's Motion for Leave to appear as *amici curiae*).

If the Court concludes that Ms. Uherbelau and Our Oregon should not be permitted to intervene as of right or with permission of the Court, Ms. Uherbelau and Our Oregon ask the Court to grant them leave to appear as *amici curiae.*

## IV.    CONCLUSION

For the reasons above, the Court should grant Ms. Uherbelau and Our Oregon's Motion to Intervene as of right or with permission of the Court.  Alternatively, Ms. Uherbelau and Our Oregon urge the Court to grant them leave to appear as *amici curiae*.

DATED this 9th day of July, 2020.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/ Lydia Anderson-Dana
   **Steven C. Berman**, OSB No. 951769
   Email:  sberman@stollberne.com
   **Lydia Anderson-Dana**, OSB No. 166167
   Email:  landersondana@stollberne.com

209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:    (503) 227-1600
Facsimile:     (503) 227-6840

Attorneys for Our Oregon and Becca Uherbelau

Page 14 **-** BECCA UHERBELAU AND OUR OREGON'S MOTION FOR LEAVE TO
           INTERVENE OR IN THE ALTERNATIVE APPEAR AS *AMICI CURIAE*