ELLEN F. ROSENBLUM
Attorney General
CHRISTINA L. BEATTY-WALTERS  #981634
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorneys General
SHAUNEE MORGAN #194256
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Tina.BeattyWalters@doj.state.or.us
        Brian.S.Marshall@doj.state.or.us
        Shaunee.Morgan@doj.state.or.us

Attorneys for Defendant Secretary Shemia Fagan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PEOPLE NOT POLITICIANS OREGON, COMMON CAUSE, LEAGUE OF WOMEN VOTERS OF OREGON, NAACP OF EUGENE/SPRINGFIELD, INDEPENDENT PARTY OF OREGON, and C. NORMAN TURRILL, | Case No.  6:20-cv-01053-MC |
| | DEFENDANT'S MOTION TO DISMISS |
| Plaintiffs, | *Oral Argument Requested* |
| v. | |
| BEVERLY CLARNO, OREGON SECRETARY OF STATE, | |
| Defendant. | |

Page 1 -   DEFENDANT'S MOTION TO DISMISS
TBW/jl9/38711024

*LR 7-1 Certification*

Counsel for Defendant Secretary of State Shemia Fagan[1] certifies that they conferred with counsel for Plaintiffs by telephone about this motion to dismiss and the relief sought and the parties could not resolve their dispute.[2]

## MOTION

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant Secretary Fagan moves to dismiss all claims for relief because the claims are either moot or barred by the Eleventh Amendment.  This motion is supported by the pleadings and declarations on file in this case, and the following memorandum of law.

## MEMORANDUM OF LAW

### I.    Introduction

Plaintiffs are asking this Court to make a curious decision: to find the Secretary of State violated the U.S. Constitution by applying the standard requirements for amending the Oregon Constitution to one, but only one, initiative petition prior to the 2020 general election.  They seek relief in an unusual package: a retrospective declaration that would likely have no application to any current or future initiative petitions.  As described below, the request is fatally flawed as a matter of law.  But it also misconstrues the basic function of the elections process in our system of government.  The Oregon Secretary of State, and the State of Oregon generally, has a strong interest in ensuring the efficient and orderly administration of state elections and in applying the same consistent voter-determined state constitutional standard to each matter proposed for

---

[1] Plaintiffs originally named Beverly Clarno as Defendant. Clarno was sued in her official capacity as the Oregon Secretary of State but no longer holds that position. Pursuant to Fed R. Civ. P. 25(d), the current Secretary of State, Shemia Fagan, is "automatically substituted as a party."

[2] Since the conferral discussion, Plaintiffs have filed a Motion for Summary Judgment, which only briefly discusses the mootness issues raised here and does not mention the Eleventh Amendment at all. *See* Pls.' Mot. Summ. J., ECF No. 41, at 38-43. Plaintiffs' mootness discussion relies solely on *Meyer v. Grant*, 486 U.S. 414 (1988), which is distinguished below, and on inapplicable Oregon state law.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

inclusion on the ballot.  Granting relief of any kind from constitutional initiative requirements for some measures would suggest the U.S. Constitution favors those measures over others that may be similarly situated and thereby undercuts the fundamental fairness of election processes.

Regardless, Plaintiffs' as-applied challenge to the Secretary of State's ("Secretary") application of the initiative petition signature threshold and deadline requirements for the November 2020 election should be dismissed because it no longer presents a live dispute. Plaintiffs failed to gather enough signatures in time to qualify Initiative Petition ("IP") 57 for the November 2020 ballot and then failed to secure timely judicial relief to change either requirement.  Nothing this Court can do now will put IP 57 on the ballot of an already-completed election.

Nor is this case capable of repetition yet evading review because Plaintiffs cannot satisfy both of the test's requirements:  First, the long duration of the initiative process affords Plaintiffs ample opportunity to seek judicial review.  And second, there is no reasonable expectation that the unique convergence of events that Plaintiffs contend led to their inability to meet the signature threshold and deadline requirements will be present in future election cycles.

Furthermore, the Eleventh Amendment bars this Court from issuing a declaratory judgment as to the constitutionality of the Secretary's past actions.  *See Green v. Mansour*, 474 U.S. 64, 73 (1985).

This Court therefore lacks jurisdiction to consider Plaintiffs' claim and it should be dismissed as moot and/or barred by the Eleventh Amendment.

## II.      Factual and Procedural Background

Plaintiffs are supporters of IP 57, a measure proposed for the November 2020 ballot that would have amended the Oregon Constitution to transfer redistricting authority from the legislature to a citizen redistricting commission.  Oregon's Constitution requires that, in order to qualify a constitutional amendment for the ballot, petitioners must (1) submit signatures of voters in favor of the proposed amendment to the Secretary of State at least four months before a

Page 3 -    DEFENDANT'S MOTION TO DISMISS
TBW/jl9/38711024

general election and (2) submit the number of signatures equal to eight percent of the number of ballots cast in the previous gubernatorial election.  Or. Const. art. IV, § 1(2)(c).  For the November 2020 election, these requirements mandated the submission of 149,360 signatures by July 2, 2020.  Opinion and Order, ECF No. 23, at 5.  On the July 2 deadline, Plaintiffs submitted 64,172 signatures to the Secretary to qualify IP 57 for the November ballot, less than half the signatures required.  *See* Declaration of Summer S. Davis ("Davis Decl."), ECF No. 16, ¶ 15.

On June 30, 2020, two days before the July 2 deadline, Plaintiffs filed their Complaint in this case along with a motion for temporary restraining order and preliminary injunction seeking injunctive and declaratory relief that would have allowed them to qualify IP 57 for the November 2020 ballot.  Their theory was that the Secretary's application of the Oregon Constitution's signature threshold and submission deadline during the COVID-19 pandemic, given Governor Brown's restrictions on social gatherings, unlawfully burdened their First Amendment rights.  *See* Compl., ECF No. 1.  They argued that the social distancing measures in the Governor's executive orders "blocked and continue[d] to block traditional in person circulation" and "prohibit[ed] in-person *paid* circulators…[and]…in-person *volunteer* circulators."  Pls.' Mot. for TRO, ECF No. 2, at 25.

On July 13, 2020, this Court granted Plaintiffs' motion for preliminary injunction, finding that "[Plaintiffs] had to gather signatures while [the Governor's] Executive Orders specifically prohibited their ability to connect with voters in person…[and that] Plaintiffs were delayed in their attempt to collect signatures by litigation brought by a third party[.]"  Opinion and Order, ECF No. 23, at 9-10.  The Court ordered the Secretary to either place IP 57 on the ballot with the number of signatures already collected or reduce the signature threshold to 58,789 signatures and allow Plaintiffs until August 17 to collect them.  *Id*. at 13-14.  The Secretary appealed the order and sought a stay of the preliminary injunction in both the Ninth Circuit and U.S. Supreme Court.

Page 4 -    DEFENDANT'S MOTION TO DISMISS
TBW/jl9/38711024

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The Ninth Circuit denied the Secretary's motion to stay, but on August 11, 2020, the U.S. Supreme Court granted the Secretary's application for a stay pending disposition of the Ninth Circuit appeal and any petition for writ of certiorari.  *Clarno v. People Not Politicians Or.*, 141 S. Ct. 206, 206 (2020).  In its subsequent opinion on the merits of the appeal, the Ninth Circuit noted that "[t]he practical effect of the stay [was] that even if we affirm the district court's injunction, the Supreme Court is not likely to lift the stay until after the September 3, 2020 deadline to place the Initiative on the November 2020 ballot, likely rendering this action moot as to this election cycle."  *People Not Politicians Or. v. Clarno*, 826 Fed. App'x 581, 583 (9th Cir. 2020).  Plaintiffs represented to the Ninth Circuit that they would attempt to gather signatures to place a petition similar to IP 57 on the November 2022 ballot if it were not placed on the November 2020 ballot, and the Ninth Circuit remanded the matter back to this Court to assess whether Plaintiffs' claim satisfies the "capable of repetition yet evading review" exception to mootness.  *See id.*

The November 2020 election was held without IP 57 appearing on the Oregon ballot.  No Plaintiff has to date filed a petition with the Secretary of State seeking to place an initiative on the 2022 general election ballot.[3]  Since the conclusion of the November election, Plaintiffs have expressed their intent to abandon their claim for injunctive relief and continue pursuit of their claim for declaratory relief.  *See* Joint Status Report, ECF No. 38.  On February 24, they filed a motion for summary judgment on their declaratory relief claim.  *See* Pls' Mot. S.J., ECF No. 41 at 26.

---

[3] *See* Oregon Secretary of State Elections Division, Initiative, Referendum, and Referral Search (available at http://egov.sos.state.or.us/elec/web_irr_search.record_detail?p_reference=20220000..LSCYYY). This compilation of active initiative petitions maintained by the Secretary of State is a proper subject for judicial notice under Fed. R. Evid. 201.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

III.    **Argument**

A.    **This case is moot.**

1.    **Legal standard for cases and controversies.**

For federal courts to maintain jurisdiction, Article III requires that cases continue to present a case or controversy for their entire duration. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("'This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "Generally, a case is rendered moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Rubin v. City of Santa Monica*, 308 F.3d 1008, 1013 (9th Cir. 2002) (quoting *Schaefer v. Townsend*, 215 F.3d 1031, 1033 (9th Cir. 2000)). Mootness is "determined on a claim by claim basis." *Pac. Nw. Generating Co-op. v. Brown*, 822 F. Supp. 1479, 1506 (D. Or. 1993), *aff'd*, 38 F.3d 1058 (9th Cir. 1994) (citing *Headwaters, Inc. v. Bureau of Land Management,* 893 F.2d 1012, 1015–16 (9th Cir.1989) (separately addressing mootness issue as to injunctive relief and declaratory relief)).

2.    **This case is moot because there is no longer a live controversy.**

In their Complaint, Plaintiffs sought both injunctive and declaratory relief to prohibit the application of the constitutional signature threshold and deadline to IP 57 for the November 2020 general election ballot. *See* Compl., ECF No. 1, *prayer*. Both claims are now moot because that election is complete, and Plaintiffs can no longer secure the relief they sought. *See Unger v. Rosenblum*, 362 Or. 210, 223 (2017) (noting that if proponents of a ballot measure fail to collect the requisite number of signatures in time for a given election cycle, "they have to start over during the next election cycle."). As a result, their claims are no longer live. Plaintiffs appear to concede this point as to their claim for injunctive relief. *See* Joint Status Report, ECF No. 38 ("Plaintiffs intend to pursue their claim for *declaratory judgment*.") (emphasis added); *see also People Not Politicians Or.*, 826 Fed. App'x at 582 (9th Cir. 2020) (noting, with respect to the

Page 6 -    DEFENDANT'S MOTION TO DISMISS
TBW/jl9/38711024

U.S. Supreme Court stay of the preliminary injunction entered in this matter, that "the Supreme Court is not likely to lift the stay until after the September 3, 2020 deadline to place the Initiative on the November 2020 ballot, likely rendering this action moot as to this election cycle").

Plaintiffs have, however, declared their intention to pursue their claim for declaratory relief. *See* Joint Status Report, ECF No. 38. And in fact, they have now filed a motion for summary judgment on that claim. *See* Pls' Mot. S.J., ECF No. 41, at 26. Specifically, Plaintiffs seek a declaration that the application of the constitutional signature threshold and deadline to IP 57 violates the U.S. Constitution. Compl., ECF No. 1, *prayer*. But that claim is also moot because, just like the injunctive relief Plaintiffs sought, the declaratory relief Plaintiffs still seek relates only to the November 2020 election that has concluded. Specifically, IP 57 is no longer a live initiative petition. Oregon law requires chief petitioners to begin the initiative petition process again for each new general election cycle. *See Unger*, 362 Or. at 223. Given that Plaintiffs' claims are moot, their theory, presumably, is that the claim for declaratory relief can be adjudicated because it is "capable of repetition yet evading review." This is the same question the Ninth Circuit remanded with instructions to this Court to consider. *See People Not Politicians Or.*, 826 Fed.Appx. at 583 ("…we remand to allow the parties to develop the record and brief the district court on whether this controversy is 'capable of repetition, yet evading review'[.]").

### 3. The "capable of repetition yet evading review" exception does not apply.

Actions that would otherwise be moot but are "capable of repetition yet evading review" permit the Court to retain jurisdiction. "That exception applies only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Hamamoto v. Ige*, 881 F.3d 719, 722 (9th Cir. 2018) (internal quotations omitted). The burden to prove that the exception applies is on the party seeking to benefit from it; here, the burden is on Plaintiffs. *See Lee v. Schmidt-Wenzel*, 766 F.2d 1387,

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

1390 (9th Cir. 1985) (holding the plaintiff had the burden to prove the mootness exception

elements are met).

The exception does not apply here because Plaintiffs cannot meet either element of the

mootness exception.  That is, Plaintiffs cannot demonstrate that the initiative petition timeline is

inherently too short in its duration to be litigated.  Nor can Plaintiffs demonstrate that there is a

"reasonable expectation" that the same extraordinary conditions caused by the COVID-19

pandemic will continue or that the same restrictions that Plaintiffs alleged applied in spring and

summer 2020 will apply before the next general election in 2022.

>  **a.**     **The challenged action is not inherently too short in duration to litigate.**

The first element of the capable of repetition yet evading review exception applies

"where the type of injury involved *inherently* precludes judicial review, not to situations where

review is precluded as a practical matter.'"  *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d

827, 837 (9th Cir. 2014).  A claim is inherently limited in duration when "the underlying action

is almost certain to run its course before either this court or the Supreme Court can give the case

full consideration."  *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 787 (9th Cir. 2012)

(internal citation omitted).  The Ninth Circuit has found election-related matters not inherently

limited when "the judicial system has evolved procedures for expediting review of time-sensitive

controversies."  *Hamamoto*, 881 F.3d at 723 (citing Ninth Circuit Rule 27-12 which allowed for

expedited briefing and hearing "upon a showing of good cause" to resolve underlying

controversy surrounding the unexpected vacancy of U.S. Senate seat); *see also Sw. Voter

Registration Educ. Project v. Shelley*, 344 F. 3d 914, 916-17 (9th Cir. 2003) (concerning the

expedited review of a challenge to a recall election scheduled three months later).

Plaintiffs' First Amendment claim does not inherently preclude judicial review because

Oregon has a long initiative petition process that provides plenty of time to conduct the

necessary work and to bring and adjudicate legal claims.  The initiative process does not

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

inherently require last minute action.  Petitioners for proposed ballot measures can take the initial steps to qualify a measure for the ballot at any time by filing a proposed initiative petition with the Elections Division of the Secretary's office.  Davis Decl., ECF No. 16, ¶ 4.  The first proposed measure for the November 2022 election was filed on March 1, 2019.  *Id.*  Petitions for the November 2022 election could have been approved for circulation starting on July 6, 2020, for example.  *See id.* ¶ 5.  The process, in other words, gives chief petitioners a maximum of about two years to gather signatures to qualify for the ballot.  That is plenty of time to make efforts to certify a petition for an election and to bring and adjudicate claims.

But even a lesser amount of time than two years would provide plenty of time to bring and adjudicate claims.  For example, if Plaintiffs were to start the process now for the November 2022 ballot, they would have 17 months until the signature submission deadline of July 8, 2022 to complete the process.  *See* State Initiative and Referendum Manual at 5.[4]  If they spent this year circulating their petition, were not on track to secure signatures, and believed the same issues had recurred, they could bring a new as-applied case based on *those* conditions.  Because Plaintiffs need not wait until the week of the deadline to file their challenge, this is not a case where "'[t]he short span of time between the filing deadline and the election makes [ ] challenge[s to election restrictions under the First Amendment] evasive of review.'  *People Not Politicians*, 826 Fed. App'x 581 (9th Cir. 2020) (brackets in original) (quoting *Rubin v. City of Santa Monica*, 308 F.3d 1008, 1013 (9th Cir. 2002) & *Schaefer v. Townsend,* 215 F.3d 1031, 1033 (9th Cir. 2000)).  In fact, even in this case where Plaintiffs filed their Complaint two days before the deadline to submit signatures to the Secretary, they were able to secure a decision from this Court and an appellate court ruling in less than two months, despite the Secretary's arguments that they waited too long to file.  Given the amount of time available under Oregon

---

[4] The provisions of the State Initiative and Referendum Manual constitute administrative rules.  *See* OAR § 165-014-0005.  The manual is available at:
https://sos.oregon.gov/elections/documents/stateir.pdf.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

law to gather signatures for ballot measures, the initiative petition process is not inherently too short in duration to litigate challenges to the process. Plaintiffs cannot meet the first element of the mootness exception. For this reason alone, Plaintiffs' claim should be dismissed.

> **b.    Plaintiffs cannot demonstrate a reasonable expectation the same issue will recur.**

The second element of the capable of repetition yet evading review exception requires either a "'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). In the as-applied context, although a party need not show that the current circumstances "down to the last detail" would recur, they need to show the probability of "materially similar" circumstances. *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 463 (2007). Plaintiffs have not shown and cannot show that the circumstances they allege led to their inability to gather enough signatures to get IP 57 on the November 2020 ballot are likely to recur and lead to a similar result for any ballot measure proposed for the November 2022 election. In fact, due to the convergence of the unique facts that existed in 2020, this particular controversy is uniquely *unlikely* to recur. Plaintiffs cannot demonstrate that the same dispute is likely to recur for three reasons.

First, the pandemic and pandemic-related restrictions on activities are not and will not be new in 2022. Plaintiffs alleged that the pandemic and the Governor's orders "disrupt[ed]…normal signature-collecting methods[.]" Compl., ECF No. 1, ¶ 37. Plaintiffs' current knowledge of the pandemic and pandemic-related restrictions puts them in a significantly different position leading up to the November 2022 election than they were in for this past election. While the challenges of the pandemic continue across society, the newness of its existence has passed, or at the very least, we have had to become accustomed to its presence. Plaintiffs could begin the initiative petition process today for the upcoming election and with the awareness of how the pandemic and related restrictions affect their methods, could adapt and adjust those methods to meet the constitutionally-mandated signature threshold by the deadline.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*See* Pls.' Mot. for TRO, ECF No. 2, at 26 ("The Pandemic's unprecedented and unpredictable nature further frustrated People Not Politicians' efforts to adopt alternative means of signature collection.").  Plaintiffs do and will know about the pandemic throughout the two- year period to gather signatures for initiative petitions for the November 2022 ballot, and they know how related restrictions might affect their attempts to gather signatures.  For this reason alone, Plaintiffs cannot prove a likelihood the same controversy will recur.

Second, Plaintiffs cannot show a likelihood that the pandemic will continue unabated for the next 17 months and that the same restrictions that applied in the spring of 2020 will apply even if the pandemic continued.  Both the trajectory of the pandemic and the Governor's executive orders have changed significantly since spring 2020.  Most notably, three highly effective vaccines have now been FDA approved and are being administered.  Oregon has, to date, vaccinated over 630,000 residents with at least one dose of a COVID-19 vaccine.[5]  And new people are vaccinated daily.  Further, the Governor has repeatedly revised COVID-19-related restrictions through executive orders and agency guidance in response to infection rates and hospitalizations.[6]  The Governor and Oregon Health Authority now determine restrictions by county depending on local community spread.[7]  Notably, limited social gatherings are permitted

---

[5] *See* https://covidvaccine.oregon.gov/.  The number of individuals vaccinated in Oregon as published by the Oregon Health Authority is an appropriate matter for judicial notice under Fed. R. Evid. 201.

[6] *See, e.g.,* Executive Order 20-25 at ¶ 1 (available at https://www.oregon.gov/gov/Documents/executive_orders/eo_20-25.pdf), which "rescinds and replaces certain earlier Executive Orders, establishes baseline requirements, and a statewide phased reopening process[;]" Executive Order 20-27 at ¶ 1 (available at https://www.oregon.gov/gov/Documents/executive_orders/eo_20-27.pdf), which "rescinds and replaces Executive Order 20-25, sets forth baseline requirements that apply statewide, and provides a statewide phased reopening process and guidelines that apply in Phase I and Phase II[;]" and Executive Order 20-65 at ¶ 2 (available at https://www.oregon.gov/gov/Documents/executive_orders/eo_20-65.pdf), which implemented a "temporary freeze to control COVID-19 cases" during and after Thanksgiving.  Governor Brown's executive orders are an appropriate matter for judicial notice under Fed. R. Evid. 201.

[7] *See* Executive Order 20-66, at ¶ 3 (available at https://www.oregon.gov/gov/Documents/executive_orders/eo_20-66.pdf). Governor Brown's executive orders are an appropriate matter for judicial notice under Fed. R. Evid. 201.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

state-wide, all retail stores are permitted to be open state-wide, outdoor restaurant dining is

permitted state-wide, and outdoor recreation and entertainment establishments are permitted to

be open at limited capacity state-wide.[8]  Restrictions are even looser in 31 of Oregon's 36

counties, where gyms are open and indoor restaurant dining is permitted, among other things.[9]

The COVID-19 infection rate has, in fact, dropped significantly since the winter holiday spike,

which has resulted in the loosening of restrictions.[10]  Given these facts, Plaintiffs cannot

demonstrate any likelihood that the pandemic will continue or that similar restrictions to those

applied in spring 2020 will be implemented and continue to apply for the next 17 months.

Third, even in the unlikely event that the social gathering restrictions ordered by the

Governor at the beginning of the pandemic were reinstated, Plaintiffs are now on notice that the

Governor's original executive orders do not and did not prohibit signature gathering.  Contrary to

Plaintiffs' apparent understanding, those orders did not explicitly or implicitly prohibit

individuals from gathering signatures safely during the pandemic. As the Governor explained in

the Ninth Circuit appeal of this matter, "nothing prevented plaintiffs from circulating signature

sheets electronically, or soliciting signatures at permitted gatherings and at grocery stores, retail

stores, venues and events, or even at doorsteps, provided that they maintained physical distance,

whenever possible."  Brief for Oregon Governor Kate Brown as Amicus Curiae Supporting

Defendant-Appellant, at 10, *People Not Politicians Or. v. Clarno*, 826 Fed. App'x 581 (9th Cir.

---

[8] *See* Oregon Health Authority Sector Risk Level Guidance Chart (available at
https://sharedsystems.dhsoha.state.or.us/DHSForms/Served/le3461.pdf). The applicable
restrictions in place under Governor Brown's orders are appropriate matters for judicial notice
under Fed. R. Evid. 201.

[9] *See* Oregon's COVID-19 Risk Levels (available at https://coronavirus.oregon.gov/Pages/living-with-covid-19.aspx). Oregon's current county risk levels are an appropriate matter for judicial
notice under Fed. R. Evid. 201.

[10] *See* Oregon Health Authority Oregon's Epi Curve:  COVID-19 cases (available at
https://public.tableau.com/profile/oregon.health.authority.covid.19#!/vizhome/OregonHealthAuthorityCOVID-19DataDashboard/COVID-19EPICases).  Data compiled by Oregon Health
Authority on Oregon's COVID-19 case numbers over time are an appropriate matter for judicial
notice under Fed. R. Evid. 201.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

2020) (No. 20-35630).[11]  Even if 2021 and 2022 pandemic-related restrictions were similar in form and kind to those existing at the beginning of the pandemic, the Governor's clear interpretation of her earlier orders clarifies that even in-person signature-gathering methods were permitted.

Finally, the legal question this case raises, as understood by this Court and applied in its preliminary injunction ruling, focuses on the diligence exercised by Plaintiffs in their attempt to qualify IP 57 for the November 2020 ballot despite facing various challenges.  *See e.g.* Opinion and Order, ECF No. 23, at 20 ("Plaintiffs…displayed considerable resilience in pivoting their initiative campaign to a process that still yielded over 60,000 signatures[.]").  In order to find that this controversy is likely to recur, this Court would need to undertake a similar factual analysis about Plaintiffs' diligence in gathering signatures for the upcoming election, one that it simply cannot do at this time.

For all these reasons, Plaintiffs cannot show there is a demonstrated probability that the same dispute will recur.  The capable of repetition yet evading review exception to mootness does not apply.

### c.  The declaratory relief sought here is unlike relief that is typically subject to the mootness exception.

Plaintiffs may point to Judge Nelson's dissent in the appeal of the preliminary injunction as supporting the application of the mootness exception here.  Judge Nelson explained that declaratory relief can sometimes still be available when injunctive relief no longer is.  *People Not Politicians*, 826 Fed. Appx. at 584 ("It may be possible for the district court to address [Plaintiffs'] legal contentions in the claim for declaratory relief pending before that court[.]").  While that is true, this case is unlike any of those he cited.  In those cases, declaratory relief could have an impact on the rights of the parties *going forward*.  That is not the case here.

---

[11] The Governor's Amicus brief is available at : https://redistricting.lls.edu/wp-content/uploads/OR-pnp-20200731-amicus-gov.pdf.

TBW/jl9/38711024

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

For example, in *Wisconsin Right to Life*, an organization challenged the constitutionality of the Bipartisan Campaign Reform Act's ("BCRA") bar on advertisements run shortly before an election as applied to three advertisements it planned to broadcast. 551 U.S. at 457. There, the Supreme Court issued a declaratory judgment despite the lower court's denial of a preliminary injunction and the passage of the election cycle in question because there was "no reason to believe that the [Federal Election Commission would] refrain from prosecuting violations of the BCRA" in the future. *Id*. at 463. A declaratory judgment would have directly impacted the organization's rights in the upcoming election as related to the law in question. In contrast, a declaratory judgment here about Plaintiffs' rights as related to an initiative petition that missed the 2020 ballot allegedly due to an emergent pandemic under a fact-bound standard would have no effect on their rights as to a similar initiative petition in any future election. This case is simply too fact-bound for any relief to have prospective application.

Similarly, in *Meyer v. Grant*, proponents of an initiative petition challenged the constitutionality of a state statute's prohibition on paying circulators to collect signatures. 486 U.S. 414, 417(1988). Although the initiative had not been adopted, the Court issued a declaratory judgment because proponents would be subject to the statute in their "future attempts to obtain the signatures necessary to place the issue on the ballot." *Id*. at 417 n.2; *see also Moore v. Ogilvie*, 394 U.S. 814, 816 (1969) ("[W]hile the 1968 election is over, the burden…placed on the nomination of candidates for statewide offices remains and controls future elections, as long as Illinois maintains her present system as she has done since 1935."). In contrast, Plaintiffs' as-applied challenge here seeks a declaration as to the constitutionality of the application of state constitutional provisions for a specific petition in a past election cycle under a fact-bound standard.

Plaintiffs' claim for declaratory relief is moot and is not subject to the mootness exception. It should be dismissed for lack of jurisdiction.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**B.      The Eleventh Amendment bars Plaintiffs' claims.**

Mootness is not the only jurisdictional bar to Plaintiffs' claims.  Although not addressed by the Ninth Circuit in its remand instruction, the Eleventh Amendment is another jurisdictional barrier.  The Eleventh Amendment prohibits federal courts from issuing declaratory and injunctive relief against state officials when no continuing violations exist.  *Mansour,* 474 U.S. at 73-74; *see also Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (explaining that the *Ex parte Young* exception to immunity allows suits against state officials but only for prospective relief for ongoing violations of federal law).  Plaintiffs ask this Court to issue a declaratory judgment[12] about the constitutionality of the Secretary's past actions.  As a claim seeking retrospective relief only, it is barred by the Eleventh Amendment.

IP 57 was filed and approved for circulation for the November 2020 general election.  *See* Davis Decl., ECF No. 16, Ex. B.  Plaintiffs do not seek an order requiring a similar IP be placed on the November 2022 ballot or a declaration that would disallow the Secretary from applying Oregon law to initiatives for the November 2022 ballot.  What Plaintiffs seek here, a declaration that the Secretary's now-completed application of the signature threshold and deadline provisions to (an expired) IP 57 "violates the U.S. Constitution by unduly burdening signature gathering efforts in support of the Initiative," is retrospective relief.  *See* Compl., ECF No. 1, *prayer*.  Because the Court cannot "prevent future and ongoing illegality" in this case given that the relief Plaintiffs seek is specific to the 2020 election that has concluded, Plaintiffs' claims must be dismissed.  *See Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003); *see also Bristol v. Peters*, 2018 WL 6183274 *1, *9 (D. Or. Nov. 23, 2018) (denying plaintiff's request for a declaratory judgment when such a judgment "[would] not affect the State Defendants' behavior towards" plaintiff) (internal quotations and brackets omitted).

---

[12] The same reasoning would apply to Plaintiffs' claim for injunctive relief.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**IV.    Conclusion**

For the reasons described above, Plaintiffs' remaining claims for relief against Secretary

Fagan should be dismissed.

DATED March __3__, 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


_____s/ Shaunee Morgan_____
CHRISTINA L. BEATTY-WALTERS #981634
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorneys General
SHAUNEE MORGAN #194256
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Tina.BeattyWalters@doj.state.or.us
Brian.S.Marshall@doj.state.or.us
Shaunee.Morgan@doj.state.or.us
Attorneys for Defendant Secretary Shemia
Fagan

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000