IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PEOPLE NOT POLITICIANS
OREGON, et al.,

        Plaintiffs,

v.

SHEMIA FAGAN, in her official
capacity as the Secretary of State of
Oregon,

        Defendant.

Civ. No. 6:20-cv-01053-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    In their attempt to qualify a ballot initiative for the November 2020 election, Plaintiffs asked this Court to order Oregon's Secretary of State, in light of the unique difficulties of collecting signatures during the COVID-19 pandemic, to extend the deadline for collecting signatures and to lower the threshold number of signatures required to qualify for the ballot. This Court did so in July 2020, but the relief was stayed by the United States Supreme Court. The November election passed into history without Plaintiffs' petition going to the voters.

    Despite this defeat, Plaintiff's claim that the relief they request is not moot because they intend to qualify the same initiative for the November 2022 election. They ask the Court to foresee a scenario where the pandemic resurges and where the Plaintiffs are again caught unprepared to respond to the many restrictions we have now become accustomed to.

The Court is not prepared to be an oracle of speculation. Because Plaintiffs' case does not meet the "capable of repetition yet evading review" standard, Defendant's Motion to Dismiss, ECF No. 44, is GRANTED.

## **BACKGROUND**

Plaintiffs are a coalition of organizations that sought to place an initiative on the November 2020 Oregon election ballot. To do so, Plaintiffs were required to file a petition with the Oregon Secretary of State signed by 8% of eligible Oregon voters at least four months before the election. Or. Const. art. IV, §§1(2)(a), (e).

Due to the unique restrictions on public gatherings in response to the COVID-19 pandemic, Plaintiffs sued Oregon's Secretary of State seeking relief from the signature and deadline requirements. Pls.' Compl., ECF No. 1; Pls.' Mot. for TRO, ECF No. 2. This Court issued a preliminary injunction granting the relief requested. Prelim. Inj. Order, ECF No. 23. The United States Supreme Court, however, stayed this Court's preliminary injunction pending Defendant's appeal to the Ninth Circuit. *Clarno v. People Not Politicians Or.*, 141 S. Ct. 206, 206 (2020).

The Ninth Circuit heard oral arguments from the parties. In its opinion, the panel noted that the practical effect of the Supreme Court's stay of the preliminary injunction was that the deadline to place an initiative on the November 2020 ballot would pass, essentially rendering Plaintiffs' case moot. *Clarno v. People Not Politicians Or.*, 826 Fed. App'x 581, 582 (9th Cir. 2020). But because Plaintiffs intend to put their initiative on the November 2022 ballot, the panel remanded the case to this Court to determine whether Plaintiffs' case is capable of repetition, yet evading review. *Id*.

## **LEGAL STANDARD**

District courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction when the allegations in the complaint cannot establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In the context of a 12(b)(1) motion to dismiss, "a court may look beyond the complaint to a matter of public record. . . ." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

## **DISCUSSION**

### **I. JUDICIAL NOTICE**

Defendant asks this Court to take judicial notice of "undisputed matters of public record reported by the Oregon Health Authority [("OHA")], such as the number of Oregonians who have been vaccinated. . . ." Def.'s Reply in Supp. Of Mot. to Dismiss 2–3, ECF No. 51. Because the data and information reported by OHA and contained in its government website are matters of public record not subject to reasonable dispute, judicial notice is appropriate.

Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are (1) generally known within the Court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Additionally, courts may take judicial notice of "undisputed matters of public record." *Century Indem. Co. v. Marine Grp., LLC*, No. 3:08-CV-1375-AC, 2015 WL 5144330 at *2 (D. Or. Aug. 31, 2015). Public records include records and reports of administrative bodies. *United States v. Ritchie,* 342 F.3d 903, 909 (9th Cir. 2003). Importantly here, government agency websites, and the information contained within government-

agency websites, are typically considered matters of public record and appropriate for judicial notice. *Century Indem. Co.,* 2015 WL 514430 at * 2.

OHA is an administrative agency of the State of Oregon. Or. Rev. Stat. § 413.032 (2019). OHA is authorized by statute to create registries that track immunizations in Oregon. Or. Rev. Stat. § 433.094 (2019). OHA has exercised this authority to obligate persons administering COVID-19 vaccines in Oregon to comply with its tracking and recording requirements. Once vaccine providers have given immunization records to OHA, they publish the aggregate number of people who have received a COVID-19 vaccination on their website. *See Oregon Vaccine Metrics Governor's Goal*, Tableau Public, https://public.tableau.com/app/profile/oregon.health.authority.covid.19/viz/OregonVaccineMetricsGovernorsGoal/GovernorsGoal. Because information contained within government agency websites are public record, judicial notice of the facts contained on OHA's website is appropriate. *See Century Indem. Co.,* 2015 WL 514430 at *2.

## II. MOOTNESS

Defendant argues that Plaintiffs' claim is moot and does not fall within the capable of repetition, yet evading review exception. Def.'s Mot. 6–7, ECF No. 44. They argue that the 2020 election cycle has passed, and Plaintiffs have not shown that there is a reasonable expectation or a demonstrated possibility that materially similar circumstances will recur in the 2022 election cycle.

For federal courts to exercise jurisdiction, Article III requires that claims present a case or controversy that "subsists through all stages of federal judicial proceedings." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). A claim is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Schaefer v. Townsend*, 215 F.3d 1031, 1033 (9th Cir. 2000).

One exception to the mootness doctrine is when the issue is "capable of repetition, yet evading review." *Doe v. Madison Sch. Dist. No. 321*, 171 F.3d 789, 798 (9th Cir. 1999). This exception applies only where (1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that a plaintiff will face it again. *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1019 (9th Cir. 2010). To establish that a case is capable of repetition, a plaintiff must show that there is a "'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). In the as-applied context, a plaintiff need not show that there is a reasonable expectation or a demonstrated probability that the same controversy will recur "down to the last detail." *FEC v. Wis. Right to Life Inc.*, 551 U.S. 449, 463 (2007). Rather, a plaintiff must prove that there is a reasonable expectation or a demonstrated probability that "materially similar" circumstances will recur. *Id.*

Plaintiffs argue that the exception applies to their claim. Pls.' Opp. to Mot. to Dismiss 13, ECF No. 50. Plaintiffs' reasoning is twofold. First, Plaintiffs state that they intend to put their ballot initiative on the November 2022 ballot. *Id.* at 19. Second, Plaintiffs assert that, because of the pandemic, they will be forced to comply with signature and deadline requirements in 2022 under materially similar circumstances they faced in 2020. *Id.* at 20. Plaintiffs argue that, because COVID-19 is a "shifting foe" that has evaded the public's attempts to predict its dissipation, "the same challenges Plaintiffs faced collecting signatures in a pandemic *could* recur." *Id.* at 20 (emphasis added).

Plaintiffs' argument is flawed for three reasons. First, arguing that the circumstances that led to Plaintiffs' as-applied challenge following the 2020 election cycle "could recur" is highly speculative. Though there always remains a possibility that the unique convergence of factors that

led to Plaintiffs' initial challenge *could* recur, a possibility is not enough to prove that there is a "reasonable expectation that [Plaintiffs] *will* be subject to the same action again." *Wis. Right to Life Inc.*, 551 U.S. at 463 (quotation omitted) (emphasis added).

Second, Plaintiffs' argument conflicts with undisputed facts in the public record. OHA reports that 66.8% of Oregonians ages 18 and older have received at least one dose of a COVID-19 vaccine. Oregon Health Authority, *Oregon Vaccine Metrics Governor's Goal*, Tableau Public, https://public.tableau.com/app/profile/oregon.health.authority.covid.19/viz/OregonVaccineMetricsGovernorsGoal/GovernorsGoal (last visited June 7, 2021). Once 70% of Oregonians ages 16 and older receive a first dose of any COVID-19 vaccine, Oregon plans on "lifting most of the health and safety restrictions" currently in place. *See* State of Oregon Newsroom, *Governor Kate Brown Sets Vaccination Targets for Oregon to Begin to More Fully Reopen Economy*, OREGON.GOV, (May 11, 2021), https://www.oregon.gov/newsroom/Pages/NewsDetail.aspx?newsid=54693. Ultimately, the increased vaccination rate and easing of restrictions suggest that circumstances present in the 2020 election cycle will not recur in the 2022 election cycle. *See Common Sense Party v. Padilla*, 834 Fed. App'x 335, 336 (9th Cir. 2021) (finding that because the 2020 election had passed, plaintiff's challenge to the application of election law in the context of COVID-19 was now moot); *Ben Eilenberg v. The City of Colton*, No. SACV2000767FMODFM, 2021 WL 1521584, at *2 (C.D. Cal. Mar. 12, 2021), *R. and R. adopted sub nom. by Eilenberg v. City of Colton*, No. SACV2000767FMODFM, 2021 WL 1516383 (C.D. Cal. Apr. 8, 2021) ("The relief that Plaintiff seeks is . . . moot [because] Plaintiff challenges the ballot initiative process only in the context of the COVID-19 pandemic and the state-ordered public health measures, not the constitutionality of the provision itself or its constitutionality as applied to Plaintiff outside this context.").

Finally, Plaintiffs' knowledge of the pandemic and pandemic-related restrictions puts them in a different position preceding the 2022 election cycle compared to the 2020 election cycle. During the 2020 election cycle, the Court agreed that Plaintiffs' attempts to gather enough signatures for their ballot initiative were obstructed by a global pandemic. But the public has now lived with the presence of the pandemic for over a year. With 17 months before the 2022 election, Plaintiffs are in a better position to adjust to the pandemic by employing conventional and alternative signature-collecting methods to meet Oregon's signature requirement for ballot initiatives. For these reasons, the capable of repetition, yet evading review exception does not apply, and Plaintiffs' claims are moot.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 44) is GRANTED and this action is DISMISSED. All other pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 10th day of June, 2021.

                                                  /s/ Michael McShane
                                                 **Michael J. McShane**
                                                 **United States District Judge**